IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEIGH SEWELL, et al.                    :        CIVIL ACTION
                                        :
        v.                              :
                                        :        No. 07-0401
OPTION ONE MORTGAGE                     :
CORPORATION, et al.                     :

**ORDER-MEMORANDUM**

AND NOW, this  12th      day of December, 2007, the "Motion to Dismiss with

Prejudice Claims Against Option One Mortgage One Corporation Pursuant to Fed. R. Civ.

P. 12(b)(6)"[1] is granted; and plaintiffs' TILA claim against Option One is dismissed with

prejudice.  Fed. R. Civ. P. 12(b)(6).[2]

Jurisdiction is federal question.  This is an action under the Truth-in-Lending Act, 15

U.S.C. § 1601, et seq.  In April, 2005, plaintiffs obtained a  a residential mortgage loan from

---

[1] Plaintiffs are Leigh Sewell and her grandmother, Dorothy Engelman.  Defendants are Option One Mortgage Corp. and Old Guard Mortgage and Financial Services.  Only Option One has moved for dismissal.

[2] In deciding a motion to dismiss under Rule 12(b)(6) we are "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the complaint in the light most favorable to the plaintiff."  Haspel v. State Farm Mut. Auto. Ins Co., 241 Fed. Appx. 837, 839 (3d Cir. 2007), citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2005).  A complaint will survive a motion to dismiss when it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  Haspel, at 839, quoting Bell Atl. Corp. v. Twombly, – U.S. –, 127 S. Ct. 1955, 1969 (2007) (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Twombly, 127 S. Ct. at 1970 (rejecting the "no set of facts" language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957) because under a literal reading of the Conley standard, "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery."  Twombly, 127 S. Ct. At 1968.

defendant Option One Mortgage Corporation "to finance a transaction in which Ms. Sewell bought out the interest of the prior joint owner of the Home." Complaint, ¶ 5.[3]  On November 27, 2006, plaintiffs contacted Option One and requested that the loan be rescinded based on material violations of TILA. Id., ¶ 10 and Exhibit "D" to complaint. Option One denied the request for recission. Complaint, ¶ 11. On January 31, 2007, plaintiffs commenced this action, alleging violations of TILA and the Real Estate Settlement Practices Act, 12 U.S.C. §§ 2605(e) and (f) and requesting recission of the loan, statutory damages for Option One's refusal to rescind, and damages under RESPA. Complaint, ¶¶ 15-17, 19. Option One filed this motion requesting dismissal of plaintiffs' claims, which will be granted.

Plaintiffs' complaint alleges that Option One violated TILA by not providing each plaintiff with two copies of the Notice of Right to Cancel (plaintiffs now concede that they received two copies of this document). Complaint, ¶ 7. However, as set forth in the complaint, Sewell obtained her interest in the property as part of the transaction at issue, which rendered the transaction a "residential mortgage transaction" excepted from the right of recission under TILA. 15 U.S.C. § 1635(e)(1). Lavelle v. M&T Mortgage Corp., 2006 WL 2346320, at *4 (E.D. Pa., filed Aug. 11, 2006), quoting 15 U.S.C. § 1602(w) ("a residential mortgage transaction under TILA is one in which a mortgage is created or retained in a consumer's principal dwelling 'to finance the acquisition or initial construction

---

[3] Ms. Engleman, Ms. Sewell's grandmother, already owned a one-half interest in the home.  Complaint, ¶ 6.

of that dwelling."); Perkins v. Central Mortgage Corp., 422 F.Supp.2d 487, 489 (E.D. Pa. 2006).  Accordingly, the loan is not rescindable.  Plaintiffs' TILA claim against Option One is dismissed.

In support of their TILA claim, plaintiffs also assert that Option One miscalculated the finance charges incurred by plaintiffs.  Complaint, ¶ 9.  While Option One agrees, this does not constitute a violation of TILA.  Strang v. Wells Fargo Bank, N.A., 2005 WL 1655886 (E.D. Pa., July 13, 2005), citing 12 C.F.R. § 226.18(d)(1)("a TILA violation is not found where the estimated finance charge is greater than the final finance charge."). Plaintiffs maintain that they were not told that this was a variable rate loan and were not provided with pre-settlement disclosures.  Complaint, ¶ 8.  However, as Option One notes, the TILA Statement signed by plaintiffs (unsigned copies of which are attached to plaintiffs' complaint, and signed copies attached to defendant's motion) makes all required material disclosures.  It states, in particular, "[t]his transaction is subject to a Variable-Rate Feature. Disclosures about Variable Rate Features have been provided to you earlier."  Defendant's motion, Exhibit "A."  The execution of the statement by plaintiffs creates a presumption that the disclosures were made, and plaintiffs' statement to the contrary is not sufficient to rebut the presumption.  Oscar v. Bank One, N.A., 2006 WL 401853, at *3 (E.D. Pa., Feb. 17, 2006), citing Strang, supra, at *3.  For these additional reasons, plaintiffs' request for recission under TILA must be dismissed.  Because plaintiffs were not entitled to rescind their loan at the time the request was made, plaintiffs are not entitled to statutory damages for

Option One's refusal to rescind the loan, and their claim for statutory damages is dismissed as well.  Oscar, supra, at *6.

Option One's motion to dismiss plaintiffs' RESPA claim is denied without prejudice to renewal in a Rule 56 motion following the close of discovery.

BY THE COURT:

 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.